UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HHCS PHARMACY, INC., d/b/a Freedom Pharmacy, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 4:16-CV-1169 (CEJ) ) |
| EXPRESS SCRIPTS, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to deem its requests for admission admitted. Plaintiff has filed a response in opposition.

### I. Background

Plaintiff HHCS Pharmacy, Inc., located in Florida and doing business as Freedom Pharmacy, provides traditional pharmacy and compounding services. Defendant Express Scripts, Inc., is a pharmacy benefits manager that processes and pays insurance claims for prescription drugs. Patients in plans managed by defendant receive prescription drugs from participating pharmacies such as plaintiff or directly from defendant through the mail-order pharmacy it owns and operates. Amended Complaint at ¶¶15, 19 [hereinafter, "Doc. # 47"].

In May 2014, plaintiff joined defendant's network of pharmacies. [Doc. # 47 at ¶21]. On June 13, 2016, defendant notified plaintiff that it was terminating the parties' provider agreement because it had determined that plaintiff was a mail order, rather than a retail, pharmacy and that plaintiff mailed drugs to patients in states in which it did not have "appropriate licensure." [Doc. # 54-2]. Plaintiff alleges that its termination is not justified under the provider agreement. Plaintiff

also alleges that defendant did not comply with provisions requiring notice 90 days before termination and a 30-day period for dispute resolution. [Doc. # 47 at ¶¶29-31, 44, 52]. Plaintiff asserts claims of breach of contract, breach of the implied duty of good faith and fair dealing, unjust enrichment, and declaratory judgment.[1]

On September 29, 2016, defendant served its first set of requests for admission. In requests 5 through 24, defendant asked plaintiff to admit or deny that, between January 1, 2014 and November 15, 2015, it (a) "mailed, shipped, and/or delivered" prescriptions to eleven states and (b) it did not have a "non-resident license" when it made the deliveries.[2] In responses served on October 28, 2016, plaintiff answered in the name of its associated pharmacy, CF Pharmacy, rather than itself. Defendant notified plaintiff that its responses were unacceptable and that it deemed the requests admitted. [Doc. # 56-5].

Plaintiff served amended responses on November 9, 2016, in which it admitted mailing, shipping or delivering prescriptions to nine of the eleven states during the specified dates. [Doc. # 56-3]. With respect to defendant's requests that plaintiff admit that it did not have a non-resident license, plaintiff responded with a simple denial in response to three states to which it admitted sending prescriptions. [Doc. # 56-3 at ¶¶14, 18, 26]. For the other six states, plaintiff responded:

---

[1] Previously, the Court granted defendant's motion to dismiss plaintiff's tortious interference and injunctive relief claims. [Doc. # 58].
[2] See, e.g., Requests 17 and 18:

> 17: Admit that from January 1, 2014 – November 15, 2015 You mailed, shipped, and/or delivered one or more prescriptions into the State of New Jersey.
>
> 18. Admit that as of the time You mailed, shipped, and/or delivered one or more prescriptions into the State of New Jersey You did not have a non-resident license.

> Plaintiff can neither admit nor deny the allegation without additional information due to the vague and overbroad nature of the request, and therefore denies same. Plaintiff will supplement upon further clarification and appropriate time limitation that will allow Plaintiff to make a reasonable inquiry so that Plaintiff can admit or deny the request.

[Doc. # 56-3 at ¶¶6, 8, 12, 20, 22, 24]. Counsel for defendant conferred with defense counsel about these responses and was informed that plaintiff would provide supplemental responses.[3]

On November 23, 2016, plaintiff served supplemental responses to requests 14 through 24. [Doc. # 56-4]. In response to each request, including those it previously denied outright,[4] plaintiff stated:

> Admit that to the extent prescriptions were mailed, shipped, or delivered into the referenced state and no license was held at the precise time, no license was in existence at the precise time, but deny that any prescriptions were mailed, shipped, or delivered inappropriately or improperly at any time.

The parties were unable to resolve their disagreement regarding the adequacy of these responses and defendant filed the instant motion, asking the Court to deem its requests 14 through 24 admitted.

## II. Discussion

Federal Rule of Civil Procedure 36(a) provides: "A party may serve . . . a written request to admit . . . the truth of any matters within the scope of Rule

---

[3] Defendant cites to a November 10, 2016, email that summarizes the contents of a telephone conversation between counsel regarding defendant's outstanding requests for production and interrogatories directed to both HHCS Pharmacy and Cystic Fibrosis Pharmacy. [Doc. # 56-8].

[4] Compare the responses to ¶¶ 14, 18, and 26 in the November 9th amended responses, in which plaintiff denied that it "did not have a non-resident license" when it shipped prescriptions to Minnesota, New Jersey, and Washington, and its response (quoted above) to the same paragraphs in its November 23rd supplemental responses. In addition, plaintiff had initially denied sending prescriptions to North Carolina during the relevant time. [Doc. # 56-3 at ¶15]. However, in its amended response, it resorted to the "neither admit or deny response" given to all the requests. [Doc. # 56-6 at ¶15].

3

26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either. Fed.R.Civ.P. 36(a)(1)(A). Rule 36 further provides:

> (4) **Answer.** If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.
>
> (5) **Objections.** The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

Rule 36(a)(4)-(5). Where, as here, the requesting party moves to determine the sufficiency of an answer or objection, the court must order the responding party to answer, unless the court finds its objection is justified. If the court determines that the answer does not comply with the rule, the court may order either that the matter is admitted or that an amended answer be served. Rule 36(a)(6).

"The quintessential function of Requests for Admissions is to allow the narrowing of issues, to permit facilitation in presenting cases to the factfinder and, at a minimum, to provide notification as to those facts, or opinions, that remain in dispute." Titus v. Stanton Cty., Neb., No. 8:12CV261, 2013 WL 4546566, at *3 (D. Neb. Aug. 27, 2013) (quoting Xcel Energy, Inc. v. United States, 237 F.R.D. 416, 420–21 (D. Minn. 2006)), and Fed.R.Civ.P. 36 advisory committee note (1970 amend.) ("Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.")). However, "[t]he conclusive effect envisioned by

the rule may not be appropriate where requests for admissions or the responses to them are subject to more than one interpretation." Rolscreen Co. v. Pella Prod. of St. Louis, Inc., 64 F.3d 1202, 1210 (8th Cir. 1995) (citation omitted).

The Court first addresses defendant's assertion that, based on allegations in the first amended complaint, plaintiff "agrees that its mail order business was the basis for its termination" from the provider network and that, therefore, plaintiff should have little difficulty "confirm[ing] certain elemental facts" that underlie this dispute. [Doc. # 56 at pp. 7-8]. Defendant misconstrues the complaint — plaintiff alleges that defendant claimed to have determined that plaintiff operated as a mail order business rather than a retail pharmacy, which defendant further claimed was a valid basis for immediate termination of the provider agreement. See Doc. # 47 at ¶¶24-27. Plaintiff also alleges that defendant's attempts to terminate it from the provider network are not warranted, that plaintiff has fully performed under the agreement, and that defendant does not have cause to terminate plaintiff from the network. ¶¶ 42, 48, 50. Thus, whether plaintiff operated as a "mail order pharmacy" rather than as a "retail pharmacy" remains a matter of dispute.

Defendant also asserts that plaintiff is "dancing around clear answers . . . to keep summary judgment at bay." [Doc. # 56 at p. 10]. According to defendant, an admission by plaintiff that it mailed prescriptions to states where it lacked appropriate licensure is outcome determinative. The Court will certainly address any properly presented argument that defendant had grounds for terminating the provider agreement if the evidence establishes that plaintiff mailed prescriptions without appropriate licensure. It is not obvious at this stage, however, how such

5

evidence would bear on plaintiff's claims that defendant did not comply with contractual and statutory requirements regarding notice and an opportunity to cure.

Turning to plaintiff's arguments, plaintiff makes a general assertion that, before determining whether to deem defendant's requests admitted, the Court must first determine whether plaintiff's objections are justified. [Doc. # 61 at 2]. The only objections appear in plaintiff's amended responses — the second of the three sets plaintiff has served — in which plaintiff asserted that the requests lacked an appropriate time limitation. The 23-month period covered by the requests does not seem overlong and plaintiff has made no argument for finding otherwise. Plaintiff also asserted without explanation that the requests are vague and overbroad. Such boilerplate objections are unacceptable. O'Daniel v. Hartford Life Ins. Co., No. CIV. 11-5088-JLV, 2013 WL 164225, at *3 (D.S.D. Jan. 15, 2013). "The party resisting discovery must show specifically how each interrogatory or request for production is not relevant or how each question is overly broad, burdensome or oppressive." Kooima v. Zacklift Intern. Inc., 209 F.R.D. 444, 446 (D.S.D. 2002) (quoting St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508 (N.D. Iowa 2000)). Finally, plaintiff did not assert any objections in the supplemental responses which are the subject of defendant's motion and, thus, there are no objections for the Court to evaluate.

In its opposition, plaintiff asserts that defendant is not entitled to information regarding prescriptions provided to members of other pharmacy benefit managers. Plaintiff also asserts that it would be better able to respond to requests regarding whether it provided prescriptions to out-of-state members if defendant identifies specific prescriptions. Indeed, plaintiff states that it has provided defendant with its

6

licenses and so, plaintiff argues, defendant should "circulate discovery relative" to any prescriptions defendant knows were "sent into a state where a license does not exist." [Doc. # 61 at p. 4]. To the extent that plaintiff intends to assert these arguments as objections to the requests for admission, the appropriate place to do so was in its responses. However, plaintiff is required to provide responses to defendant's requests if it possesses or can readily obtain the information necessary to do so, regardless of whether defendant also possesses that information. See In re Heritage Bond Litig., 220 F.R.D. 624, 626 (C.D. Cal. 2004) ("[B]y referring to 'previously produced business records,' defendant is inferentially admitting that had it conducted a reasonable inquiry, it would have found the information to respond to the requests for admissions."); see also Rule 36(a)(4) (lack of knowledge may be asserted as reason for refusing to admit or deny request for admission only if party states it has made "reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny.")

Finally, the Court determines that plaintiff's supplemental response to defendant's requests for admission is not adequate. First, plaintiff fails to either admit or deny that it mailed prescriptions to the specific states between January 1, 2014, and November 15, 2015, even though it was able to provide admissions or denials in its amended responses. Second, the response is ambiguous with respect to whether plaintiff possessed licenses for the specific states between January 1, 2014 and November 15, 2015. Plaintiff suggests that any ambiguity in its response is the result of defendant's "overly broad and vague" requests but plaintiff does not sufficiently identify the manner in which the requests are overbroad and vague.

Defendant asks the Court to deem its requests admitted or, in the

7

alternative, to order plaintiff to amend its answers. The Court concludes that it is appropriate to give plaintiff another opportunity to provide proper answers to defendant's requests for admission.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to compel [Doc. # 55] is **granted in part**.

**IT IS FURTHER ORDERED** that plaintiff shall have until **February 10, 2017**, serve amended answers to defendant's first requests for admission in the manner provided by Fed. R. Civ. P. 36(a)(4).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of January, 2017.